UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY,<br>    *Plaintiff*,<br><br>    *v.*<br><br>SHAWMUT WOODWORKING & SUPPLY, INC.,<br>*et al.*,<br>    *Defendants*. | Civil No. 3:12cv1096 (JBA)<br><br>October 31, 2014 |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff First Mercury Insurance Company ("First Mercury") moves [Doc. # 140] for reconsideration of the Ruling [Doc. # 139] on Motions for Summary Judgment (the "Ruling"), which denied First Mercury's motion for summary judgment seeking a declaratory judgment that Defendants Shawmut Woodworking & Supply, Inc. ("Shawmut") and Shepard Steel Company ("Shepard"), who are named defendants in state court lawsuits brought by employees of Shepard's subcontractor, Fast Trek Steel, are not "additional insureds" under a general liability policy that First Mercury issued to Fast Trek and thus that there is no duty to defend or indemnify them. The Court granted the motions for summary judgment of Shawmut, Shepard, and Intervenor-Counterclaim Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") as to First Mercury's

duty to defend.[1]  For the reasons that follow, Plaintiff's motion for reconsideration is denied.

I. **Legal Standard**

Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1. The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

II. **Discussion**

In the Ruling, the Court concluded: (1) that Shawmut and Shepard fell within the definition of an "additional insured" under the Additional Insured Endorsement[2] of the

---

[1] National Union, which intervened in this action as Counterclaim Defendant opposing Shepard's motion for summary judgment on Shepard's counterclaim against First Mercury, moved [Doc. # 141] for an extension of time until October 14, 2014 to file a motion for reconsideration of the Ruling. However, as of today's date, no such motion was filed.

general liability policy that First Mercury issued to Fast Trek; (2) coverage for additional insureds was not limited to vicarious liability of the named insured; and (3) a policy exclusion for professional services was not applicable. First Mercury moves for reconsideration of only the second conclusion, contending—as it did in its Motion for Summary Judgment—that the Additional Insured Endorsement provides coverage for vicarious liability and "the Court's three justifications for a contrary conclusion . . . do not support the contrary conclusion." (Pl.'s Mot. at 3.) As this introduction to Plaintiff's Motion suggests, First Mercury seeks solely to relitigate arguments already considered by the Court and presents one new argument, both of which are inappropriate on a motion for reconsideration.

First, Plaintiff contends that the Court erred in failing to explain why the policy language in the Additional Insured Endorsement does "not achieve the same result" as the policy language from several other cases where insurers successfully restricted coverage to vicarious liability. (*Id.*) Plaintiff maintained that the purpose of this Additional Insured Endorsement was to provide coverage for vicarious liability only, and the Court rejected this argument, explaining that unlike the cited policy language from other cases, "First Mercury's policy lacks language to connote the limitation it now

---

[2] The Additional Insured Endorsement provided coverage for:

> liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by
>
> 1. [Fast Trek's] acts or omissions; or
>
> 2. The acts or omissions of those acting on [Fast Trek's] behalf; in the performance of [Fast Trek's] ongoing operations for the additional insured.

3

urges." (Ruling at 23–24.)  In doing so, the Court noted that "the 'intent of the parties' is determined 'as expressed in the language employed in the policy'" (*id.* (quoting *Imperial Cas. & Indem. Co. v. State*, 246 Conn. 313, 324 (1998)), and noted that if "the parties had intended coverage to be limited to vicarious liability, language clearly embodying that intention was available" (*id.* (quoting *McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 255 (10th Cir. 1993)).  Thus, the Court quite clearly explained that First Mercury's policy language failed to limit coverage to vicarious liability, because it contained no language to achieve this limitation.[3]

Second, First Mercury disputes the Court's conclusion that "[a]nother flaw in the argument of First Mercury and National Union is that they fail to give effect to the full phrase 'liability . . . caused, in whole or in part' by the named insured" because "[t]he inclusion of this language is inconsistent with 'liability' meaning 'vicarious liability,' because vicarious liability is an all or nothing proposition and thus a party could not be vicariously liable 'in part' for Fast Trek's acts." (Ruling at 25.)  Plaintiff attempts to harmonize the inclusion of this phrase with its theory that coverage is limited to vicarious liability, arguing that the Additional Insured Endorsement does not limit coverage solely to the vicarious liability of the additional insured but would also provide coverage for "its

---

[3] A theme underlying each of the Court's original conclusions was that although "both sides advance plausible arguments in support of their respective positions," the Court was "guided by the principle that to the extent that 'there are two plausible interpretations of insurance policy language, the court will ordinarily select that interpretation that favors the insured over the insurer.'"  (Ruling at 7–8 (quoting *Northrop v. Allstate Ins. Co.*, 247 Conn. 242, 251 (1998)).  First Mercury fails to recognize this principle in this Motion, making its arguments in support of alternate interpretations of the policy language particularly unpersuasive.

own acts or omissions" so long as the additional insured is also vicariously liable to any extent for the conduct of the named insured.[4]  (Pl.'s Mot. at 4.)  Plaintiff contends that "[c]ertainly an additional insured can be simultaneously liable for its own acts or omissions and also be vicariously liable for the acts or omissions of the named insured" and the "obvious meaning of the endorsement is that if the additional insured is liable in whole or in part due to the acts or omissions of the named insured, it is covered by the endorsement."[5]  (*Id.*)  Plaintiff cites no authority that this interpretation is dispositive of the policy language here, and Liberty Mutual notes that Plaintiff offers no plausible rationale for why an insurer would intend to extend coverage to an additional insured for its own negligence just because it happened to also be vicariously liable to some degree for the named insured's negligence.  (Liberty Mutual's Opp'n [Doc. # 145] at 4.)

Finally, First Mercury contends that the Court erred in its conclusion that "the history of the standardized contractual language developed by the Insurance Services Office ('ISO') and used in the First Mercury Additional Insured Endorsement confirms that the word 'liability' relates to proximate causation and not vicarious liability." (Ruling at 26.)  As the Court noted, an earlier version of the ISO's additional insured endorsement provided for coverage "only with respect to liability *arising out* of 'your work' for that insured by or for you," *Merchants Ins. Co. of New Hampshire v. U.S. Fid. &*

---

[4] This formulation operates to contradict First Mercury's original position that the "policy *only* provides coverage to an additional insured for vicarious liability of Fast Trek's acts or omissions."[4]  (First Mercury's Opp'n to Liberty Mutual's Mot. for Summary J. [Doc. # 120] at 12 (emphasis added).)

[5] The Court concluded that coverage was not limited to vicarious liability but rather provided coverage for individual liability so long as the "injuries were caused at least in part by Fast Trek." (Ruling at 21.)

*Guar. Co.*, 143 F.3d 5, 9 (1st Cir. 1998), and courts had interpreted this broad language to provide coverage for an additional insured's sole negligence so long as the injuries were causally related to the additional insured's work for the named insured.  The policy language was revised "in order to eliminate coverage for the additional insured's sole negligence."  (Ruling at 26.)  Because "[t]he word 'liability' appeared in both versions of the ISO forms . . . the progression from 'arising out of' to 'caused, in whole or in part, by' shows that that 'liability' refers in both instances to causation and the amendment was intended to require proximate causation by the insured rather than simply but-for causation." (*Id.*)  Plaintiff contends that "the interpretation set forth in the Ruling creates coverage as broad as the earlier 1986 ISO version." (Pl.'s Mot. at 5.)  This is simply not correct, as under the Court's interpretation, the amendment "excludes situations involving only the independent acts of negligence of the additional insureds," which was covered under the 1986 ISO version.  (Ruling at 28.)

### III.     Conclusion

For the reasons set forth above, First Mercury's Motion [Doc. # 140] for Reconsideration is DENIED.

                                            IT IS SO ORDERED.

                                            /s/
                                       Janet Bond Arterton, U.S.D.J.

        Dated at New Haven, Connecticut this 31st day of October, 2014.