UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY,<br>    *Plaintiff*,<br>    *v.*<br>SHAWMUT WOODWORKING & SUPPLY, INC.,<br>*et al.*,<br>    *Defendants*. | Civil No. 3:12cv1096 (JBA)<br><br>April 6, 2015 |

**ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT**

On September 23, 2014, this Court granted partial summary judgment in favor of Defendants, holding that Plaintiff First Mercury Insurance Company ("First Mercury") has a duty to defend Defendants Shawmut Woodworking & Supply, Inc. ("Shawmut") and Shepard Steel Company ("Shepard") in state court lawsuits brought by employees of Shepard's subcontractor, Fast Trek Steel.  Those state court lawsuits remain pending. Plaintiff now moves [Doc. # 151] for entry of final judgment pursuant to Fed. R. Civ. P. 54(b), or in the alternative, for certification pursuant to 28 U.S.C. § 1292(b).[1]  At the telephonic conference held with counsel on the record of March 19, 2015, the parties confirmed that there was no objection to granting this motion.

**I.    Legal Standard**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  The Supreme Court has "outlined the steps to be

---

[1] The Court does not reach the 28 U.S.C. § 1292(b) issue.

followed in making determinations under Rule 54(b).  A district court must first determine that it is dealing with a 'final judgment.'  It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  "Once having found finality, the district court must go on to determine whether there is any just reason for delay[,] . . . tak[ing] into account judicial administrative interests as well as the equities involved."  *Id.* at 8.

"In general, a Rule 54(b) certification of the dismissal of fewer than all the claims in an action should not be granted if the same or closely related issues remain to be litigated."  *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (internal quotation marks omitted).  "Claims are separable if they involve at least some different questions of fact and law and could be separately enforced."  *Avondale Indus., Inc. v. Travelers Indem. Co.*, 887 F.2d 1200, 1203 (2d Cir. 1989) (internal quotation marks omitted).

**II.    Discussion**

In this case, the Court has granted summary judgment on the issue of the duty to defend but not on the issue of the duty to indemnify.  The Court's grant of summary judgment on the duty to defend was a final judgment on one of two separable claims raised by Plaintiff.  "It is well-settled that the duty to defend and the duty to indemnify are separate and distinct questions of fact and law."  *Id.; see also Steadfast Ins. Co. v. The Purdue Frederick Co.,* No. X08CV020191697S, 2004 WL 2166258, at *3 (Conn. Super. Ct.

2

Sept. 1, 2004) ("The Connecticut Supreme Court has consistently and regularly recognized that an insurer's duty to defend is distinct from its duty to indemnify." (citing *DaCruz v. State Farm Fire and Casualty Co.*, 268 Conn. 675, 687–88 (2004); *Smedley Co. v. Employers Mutual Liability Ins. Co.*, 143 Conn. 510, 516–17 (1956))). Because "the claim adjudicated, and upon which final judgment was entered, was separable from the other claims presented," *Avondale*, 887 F.2d at 1204, the Court turns now to an examination of the equities and judicial administrative interests.

All parties are likely to benefit from the entry of final judgment on the duty to defend issue. Plaintiff will have the opportunity to appeal the Court's decision immediately, and if the Second Circuit affirms this Court's decision on the duty to defend, Defendants will obtain certainty that they will not later be responsible for reimbursing Plaintiff for the vast sum of money that is being spent on their defense. The equities thus favor granting Plaintiff's motion for judgment. Judicial economy also favors entry of final judgment because "an appellate ruling that the insurer was not obliged to defend would 'end this coverage case,' mooting the indemnification . . . issue[]." *Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 296 (4th Cir. 2008) (quoting *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 323 F.Supp.2d 709, 723 (E.D.Va. 2004)).

### III.     Conclusion

For the foregoing reasons, Plaintiff's Motion [Doc. # 151] for entry of final judgment pursuant to Fed. R. Civ. P. 54(b) is GRANTED. The Clerk is directed to enter judgment in favor of Defendants on the issue of Plaintiff's duty to defend, in accordance with the Court's September 23, 2014 Ruling [Doc. # 139] on Motions for Summary Judgment.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 6th day of April, 2015.